**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Matias Montemayor DE LA PAZ,**
**Defendant-Appellant.**

**No. 82–2053.**

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1983.

Percy Foreman, Lewis Dickson, Mike De-Geurin, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., John P. Smith, Asst. U.S. Atty., Brownsville, Tex., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, REAVLEY and TATE, Circuit Judges.

PER CURIAM:

This case involves a defendant's right of allocation prior to sentencing.[1] On appeal, the defendant argues that the trial court abused its discretion by refusing to postpone the sentencing of the defendant. We affirm.

The facts of the case are undisputed. The defendant pleaded guilty to two counts of receiving and possessing a firearm in violation of 18 U.S.C. § 1201(a). After he had pleaded guilty, but before sentencing, the defendant requested a continuance of the case. He gave as the reason for his request that he could not adequately exercise his right of allocation because an indictment for a "continuing criminal enterprise"[2] was pending against him, and the information he wished to offer to mitigate his sentence for the firearms violation might be used against him in the pending trial. The trial court refused to grant the continuance.

At the sentencing hearing, the defendant's counsel again stated his concern that any exercise of his right of allocution at that time might operate to his detriment in the pending trial, for "we must go into the background of the individual". The trial judge responded by saying that he "would not consider anything for which [the defendant] had not been convicted," and he offered to order that statements the defendant made in allocution not be used against him. The court again refused to postpone sentencing. Counsel for the defendant instructed his client "not to answer any questions concerning his presentence investigation, concerning his life, or concerning anything he offered in evidence of mitigation." Notwithstanding this advice, the court said, "Do you have anything to say to me, Mr. Montemayor?" The defendant replied, "No, sir." The trial judge gave the defendant the maximum sentence on each count. On appeal the defendant makes the same argument he made in the district court. He maintains that the court's refusal to grant a continuance forced him to give up his right of allocution in order to assert his constitutional right to remain silent; that the denial of a continuance deprived him of due process.

---

1. Fed.R.Crim.P. 32(a)(1) provides, in relevant part:

 Before imposing sentence, the court shall afford counsel an opportunity to speak on behalf of the defendant and must address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.

2. A defendant is guilty of a continuing criminal enterprise if he violates any provision of the drug abuse prevention and control laws, and that violation is part of a continuing series of drug law violations in which the defendant directs or organizes a group of five conspirators and from which he derives substantial income. 21 U.S.C. § 848(b). The minimum penalty for a continuing criminal enterprise is 10 years in prison and a life sentence is possible. 21 U.S.C. § 848(a).

The thrust of the defendant's argument is that the exercise of the right of allocution should not be subject to any countervailing influences. The defendant has cited no cases holding that a defendant's opportunity to speak on his own behalf must be completely unimpeded. To the contrary, decisions in this Court have held that a district court has not deprived a defendant of his right of allocution when it keeps him from incriminating himself at the sentencing hearing by interrupting an inculpatory statement. *See United States v. Hartford,* 5 Cir.1974, 489 F.2d 652, 656; *Hopkins v. United States,* 5 Cir.1970, 431 F.2d 429, 430. The Supreme Court has stated that a failure to offer a defendant an opportunity to speak "is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 1962, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421. Thus, although a defendant has a statutory right of allocution, the right does not require the protections afforded fundamental constitutional rights, such as the fifth amendment right against self-incrimination.

The case before us does not involve a denial of an opportunity for allocution. The trial court specifically invited the defendant to make a statement in mitigation. On advice of counsel, he refused the invitation. There is no way to convert a ruling that complies with the letter and spirit of Fed.R.Crim.P. 32(a)(1) into a denial of due process. We hold that the trial court did not abuse its discretion in refusing to grant the continuance.

AFFIRMED.