**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William P. FLEMING,
Defendant–Appellant.**

**No. 87–5535.**

United States Court of Appeals,
Eleventh Circuit.

July 14, 1988.

Amanda Maxwell, Coral Gables, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., John J. O'Sullivan, Linda Collins Hertz, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY and COX, Circuit Judges.

PER CURIAM:

Appellant William P. Fleming pleaded guilty on March 5, 1987 to conspiracy to possess and possession of at least 50 kilograms of marijuana. At the May 22, 1987 sentencing hearing, the Government presented evidence that Fleming had been involved in other drug-related acts for which he had not been charged or convicted. Although the completion of the sentencing hearing was continued until June 12, 1987 to allow appellant the opportunity to rebut the Government's testimony, Fleming declined to present any evidence, arguing that he would be jeopardizing his constitutional rights relative to ongoing investigations if he presented evidence. The court found the Government's evidence to be substantial, credible and unrefuted, and sentenced Fleming to two concurrent seven-year prison terms and fined him $150,-000. It is undisputed that the sentence was within the permissible statutory range.

On appeal, Fleming argues that he was denied due process and fair procedure at the sentencing hearing because he was forced to sacrifice his due process right to allocution in order to preserve his Fifth Amendment privilege against self-incrimination. Citing *United States v. De La Paz*, 698 F.2d 695 (5th Cir.1983), he argues that the court should have accommodated both these constitutional rights by (1) not considering anything for which he had not been convicted, or (2) ordering that any statements he did make would not be used against him. We affirm the district court for two reasons.

■ *First*, the right to allocution is *not* constitutional. *Lilly v. United States*, 792 F.2d 1541, 1544 n. 4 (11th Cir.1986) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

■ *Second*, there is no authority to support Fleming's claim that the court must either refuse to consider evidence of acts for which he has not been charged or convicted or grant him immunity from prosecution for any statements made during allocution. In *De La Paz*, the district court offered to make provisions to safeguard the defendant's Fifth Amendment rights so the defendant could exercise his right to allocute. The defendant nevertheless stood mute. The Fifth Circuit found that there was no error in not continuing the sentencing until defendant would be in a position to refute the Government's evidence. The court concluded that "although a defendant has a statutory right of allocution, the right does not require protections afforded fundamental constitutional rights, such as the fifth amendment right against self-incrimination." 698 F.2d at 697.

In *United States v. Marshall*, 719 F.2d 887 (7th Cir.1983), the Government presented hearsay evidence at a sentencing hearing, and the defendant argued *inter alia* that he could not respond without forfeiting his Fifth Amendment privilege. The Seventh Circuit articulated why the Fifth Amendment privilege could not be extended to apply to such a situation:

Marshall is apparently suggesting that the fifth amendment privilege against self-incrimination prohibits a sentencing court from considering the Government's evidence when the defendant presents no evidence—by his own testimony or otherwise—to rebut the Government's presen-

**570**

tation. Marshall was not compelled to testify against himself, nor was he punished for not testifying on his own behalf. Marshall, like any defendant who chooses not to testify, took the chance that the uncontradicted Government testimony would be deemed credible. If we were to adopt Marshall's argument, the privilege against self-incrimination would be a way to completely rebut the Government's evidence without the defendant presenting any evidence of his own. The privilege against self-incrimination has never been so construed.

*Id.* at 892. *See also McGautha v. California,* 402 U.S. 183, 217–20, 91 S.Ct. 1454, 1472–74, 28 L.Ed.2d 711 (1971) (in a non-bifurcated capital case decided before *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the Supreme Court found that, at the punishment phase, the State was not required to provide an opportunity for allocution free of any adverse consequences on the issue of guilt).

We need not decide what accommodation the district court might have been required to make to protect the defendant, had it been asked. The defendant here made no request at all of the district court, except that it not consider the evidence. For all that appears here, Fleming would have refused to testify or put on evidence no matter what conditions the district court may have imposed, as the defendant in *De La Paz* did. On such a record, there is no error upon which to base a reversal on appeal.

AFFIRMED.