**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfredo DOMINGUEZ–HERNANDEZ,
Defendant–Appellant.**

**No. 90–8623
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1991.

Robert Ramos, Hill & Ramos, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Joan E.T. Stearns, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

Appellant Dominguez pleaded guilty to conspiracy to possess ten machine guns, violating 18 U.S.C. §§ 371 and 922(*o* )(1), and was sentenced to thirty months imprisonment followed by a three-year term of supervised release and a $50 special assessment. With misgivings, we are forced to vacate and remand for resentencing.

Dominguez's brief on appeal raises but one issue: that the district court did not specifically address him and determine whether he wished to exercise his right to allocution. This court has repeatedly held, as the government recognizes, that a de-

fendant must be given an opportunity, conferred by Fed.Rule Crim.Proc. 32(a)(1)(C), personally to speak in his own behalf before sentence is imposed. *See, e.g., U.S. v. Posner*, 868 F.2d 720, 724 (5th Cir.1989). If the district court fails to provide the right of allocution, resentencing is required. *Id.* We re-endorse here the importance of the district court's inviting the defendant to speak if he so desires.

What bothers us, however, is that neither defendant nor his counsel mentioned to the district court its omission of the Rule 32(a)(1)(C) requirement. As the government observes, "the district court easily could have corrected its oversight without the need for burdening this Court with the issue or for repeating the sentencing hearing." *See United States v. Jackson*, 807 F.2d 1185, 1192 (5th Cir.1986). Defendant's brief does not even aver that, upon resentencing, he wishes to exercise his right to allocution. We thus remand in what may well be a useless bow to procedural nicety.

The judgment of the district court is VACATED and REMANDED for resentencing.