**UNITED STATES of America, Plaintiff,**

v.

**Richard Lee Tuck CHONG, aka "China", Defendant.**

**No. CR. 98–416 ACK.**

United States District Court, D. Hawai'i.

Dec. 7, 1999.

Larry L. Butrick, Office of Atty. Gen., Honolulu, HI, for U.S.

Michael A. Weight, Office of the Federal Public Defenders, Honolulu, HI, Marcia A. Morrissey, Santa Monica, CA, for Richard Lee Tuk Chong aka "China", defendant.

### *ORDER DENYING GOVERNMENT'S MOTION TO PROHIBIT ALLOCUTION*

KAY, District Judge.

### *BACKGROUND*

On November 4, 1999, the Government filed a motion to prohibit Defendant from allocuting [1] before the jury without being sworn and subject to cross-examination.

---

1. Black's Law Dictionary defines "allocution" as "[a]n unsworn statement from a convicted defendant to the sentencing judge or jury in which the defendant can ask for mercy, explain his or her conduct, apologize for the

In support of its motion, the Government cites the recent Fifth Circuit decision, *United States v. Hall*, 152 F.3d 381 (5th Cir.1998), which rejected the defendant's arguments that he had both statutory and common law rights to allocute before the sentencing jury. On November 10, 1999, Defendant filed his opposition to the motion. Defendant argues initially that his statutory right to allocute pursuant to Federal Rule of Criminal Procedure 32(c)(3)(C) has not been abrogated by the Federal Death Penalty Act. Alternatively, Defendant contends that he has a constitutional right to allocute. With regard to both grounds, Defendant contends that the Fifth Circuit's decision in *Hall* is not determinative. The Court held a hearing on the instant motion on November 18, 1999.[2]

## *DISCUSSION*

The Court will permit Defendant to allocute before the sentencing jury subject to an appropriate limiting instruction. The Court finds that Defendant possesses a right to allocute under the Federal Rules of Criminal Procedure that has not been abrogated under the Federal Death Penalty Act. In addition and in the alternative, the Court finds that Defendant possesses a constitutional right to allocute under relevant Ninth Circuit law.

## I *DEFENDANT POSSESSES A RIGHT TO ALLOCUTE UNDER THE FEDERAL RULES OF CRIMINAL PROCEDURE.*

■ The Court finds that Defendant possesses a right to allocute under the Federal Rules of Criminal Procedure that has not been abrogated under the Federal Death Penalty Act. Federal Rule of Criminal Procedure 32(c)(3)(C) provides that "[b]efore imposing sentence, the court ... must address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." *Fed.R.Crim.P.* 32(c)(3)(C). In outlining the procedures for sentencing hearings in capital cases, Congress merely provided that "[n]otwithstanding rule 32(c) of the Federal Rules of Criminal Procedure, ... no presentence report shall be prepared." 18 U.S.C. § 3593(c). There is no mention, much less an express abrogation, of the right to allocute. Consequently, under the doctrine of *expressio unius exclusio alterius*, the Court finds that Congress did not intend for the Federal Death Penalty Act to displace other provisions of Rule 32 and Defendant therefore has a right to allocute under the Federal Rules of Criminal Procedure.[3]

■ However, there is still an issue as to whether Defendant is entitled to exercise his right to allocute before the sentencing jury or the judge. The Fifth Circuit concluded that permitting the Defendant to address the judge before he announced the sentence satisfied any right he might have had. *See Hall*, 152 F.3d at 392. This Court disagrees with the Fifth Circuit's conclusion. Unlike non-capital cases, in which a judge is required to determine a defendant's sentence pursuant to the Sentencing

---

crime, or say anything else in an effort to lessen the impending sentence. This statement is not subject to cross-examination." Black's Law Dictionary (7th ed.1999).

2. After the hearing, Defendant filed a supplemental memorandum on November 22, 1999 that addressed, inter alia, allocution. On November 26, 1999, the Government filed a response to Defendant's supplemental memorandum that also addressed allocution. On December 1, 1999, the Court sua sponte struck unresponsive portions of these briefs, including those parts that addressed allocution.

3. The Court observes that the Fifth Circuit found it unnecessary to decide this issue in *Hall*. 152 F.3d at 392 ("We need not decide whether § 3593 was intended to displace Rule 32(c)(3)(C) because we conclude that, regardless of whether it was required to do so, the district court complied with the plain language of Rule 32(c)(3)(C) by inquiring of [defendant] whether he wished to make a statement before it announced his sentence.").

Guidelines, the Federal Death Penalty Act expressly removes any element of discretion concerning the appropriate sentence for the defendant unless the jury recommends a sentence other than death or life imprisonment without possibility of release. *See* 18 U.S.C. § 3594 ("Upon a recommendation under section 3593(e) that the defendant should be sentenced to death or life imprisonment without possibility of release, the court shall sentence the defendant accordingly. Otherwise, the court shall impose any lesser sentence that is authorized by law."). Because the judge lacks sentencing discretion, the Court finds that a right to allocute before the judge in a capital case would be an empty formality.[4] Thus, the Court finds that Defendant is entitled to allocute before the sentencing jury.

■ The Government argues that Defendant is not prevented from testifying before the jury during the sentencing phase if he chooses, but only that his testimony must be under oath and subject to cross-examination. Although Defendant is certainly entitled to testify on his own behalf, the Court finds that his ability to exercise this right does not implicate his right to allocute. However, the Court is cognizant that there is some potential for jury confusion if Defendant is permitted to allocute. Therefore, the Court will condition Defendant's right to allocute upon the giving of an appropriate limiting instruction.[5]

4. Under the Government's interpretation, the only way to avoid this outcome would be for Defendant to ask, and for the Government to agree, to have the sentencing hearing conducted before the Court alone pursuant to 18 U.S.C. § 3593(b)(3). Then, the judge would have discretion in determining Defendant's sentence and Defendant would have a meaningful right to allocute. However, the Court finds it unlikely that Congress meant to condition a defendant's right to allocute on whether he chose to have the sentencing hearing before a judge or a jury.

5. Indeed, Defendant suggests this course in his opposition. Therefore, the Court will re-

## II DEFENDANT POSSESSES A CONSTITUTIONAL RIGHT TO ALLOCUTE.

■ Even if the Federal Death Penalty Act abrogated Defendant's right to allocute under the Federal Rules of Criminal Procedure, the Court would still find that Defendant possesses a constitutional right to allocute under relevant Ninth Circuit law. Unlike the Fifth Circuit, which concluded that "no such common-law right exists," *see Hall,* 152 F.3d at 394, the Ninth Circuit has recognized that allocution is a due process right guaranteed by the Constitution, *see Boardman v. Estelle,* 957 F.2d 1523, 1525 (9th Cir.1992). Although arising in a non-capital context, the Ninth Circuit stated:

> [W]e hold that allocution is a right guaranteed by the due process clause of the Constitution. Our holding is limited to circumstances in which a defendant, either unrepresented or represented by counsel, makes a request that he be permitted to speak to the trial court before sentencing. If the trial court denies that request, the defendant has not received due process.

*Boardman,* 957 F.2d at 1530. The Court sees no basis for distinguishing this holding from the instant case. Thus, the Court concludes that Ninth Circuit precedent clearly establishes that Defendant has a constitutional right to allocute.[6]

In reaching its conclusion, the Ninth Circuit noted that the Supreme Court's holding in *Hill v. United States,* 368 U.S.

quire an appropriate limiting instruction explaining that any statements given by Defendant are not under oath and not subject to cross-examination. The Court finds that this solution will alleviate one of the concerns expressed by the Fifth Circuit in *Hall,* namely that a jury will not recognize the legal effect of unsworn statements. *See Hall,* 152 F.3d at 393.

6. In reaching this conclusion, the Court observes that a contrary outcome would have the anomalous effect of permitting a non-capital defendant to allocute but precluding a capital defendant from allocuting.

424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), which determined that allocution is not a right protected by the United States Constitution, was limited to situations where the sentencing judge fails to ask a defendant if he has anything to say. *See Boardman*, 957 F.2d at 1527. The Ninth Circuit read *Hill* as "le[aving] open the question of whether a defendant who asks the court to speak has a Constitutionally guaranteed right to do so." *See id.* The *Boardman* defendant specifically requested to allocute, just as Defendant has done in the instant case. Thus the Court is presented with a situation where allocution rises to a constitutional dimension under Ninth Circuit precedent.

The Court recognizes that a number of courts have read *Hill* as determining that there is no constitutional right to allocution. These cases are distinguishable, however, because they arose in a non-capital context and the courts were facing a situation similar to that in *Hill*, wherein the defendant did not request to allocute. *See, e.g., United States v. Li*, 115 F.3d 125 (2nd Cir.1997) (citing *Hill* for the proposition that allocution is not a constitutional right, but remanding for resentencing because defendant possessed an absolute right to allocute under the Federal Rules of Criminal Procedure); *United States v. Coffey*, 871 F.2d 39 (6th Cir.1989) (holding that allocution was not required prior to resentencing defendant for probation revo-

cation; defendant was not offered, and did not request, opportunity to speak); *United States v. Prince*, 868 F.2d 1379 (5th Cir. 1989) (finding no constitutional right to allocution where defendant did not object when judge failed to offer defendant opportunity to speak); *United States v. Fleming*, 849 F.2d 568 (11th Cir.1988) (same); *United States v. De La Paz*, 698 F.2d 695 (5th Cir.1983) (same); *Martin v. United States*, 309 F.2d 81 (10th Cir.1962) (same).[7]

The fact that the Ninth Circuit's decision in *Boardman* arose in a non-capital context is not decisive. The Court recognizes that the Fourth Circuit, in *Green v. French*, 143 F.3d 865 (4th Cir.1998), held in the alternative that a capital defendant's legal right to take the stand and, under oath and subject to cross examination, explain his side of the story and/or plead for mercy satisfied any constitutional right to allocute that he might have had.[8] *See id.* at 882. In addition, the Court is aware that several state courts have concluded that a capital defendant has no due process right to use allocution to circumvent the traditional rules of evidence and make unsworn statements to the sentencing jury without being subject to cross examination. *See, e.g., California v. Clark*, 5 Cal.4th 950, 1036–37, 22 Cal.Rptr.2d 689, 857 P.2d 1099 (1993); *Illinois v. Childress*, 158 Ill.2d 275, 307, 198 Ill.Dec. 794, 633 N.E.2d 635

---

**7.** The Court also is aware that the Hawaii Intermediate Court of Appeals has found that the Hawaii constitution affords a right to allocute and that trial courts must make direct inquiry of the defendant's wish to address the court before sentence is imposed. *See State of Hawaii v. Chow*, 77 Hawai'i 241, 247, 883 P.2d 663 (Hawaii App.1994). However, in reaching this conclusion, the court first found that the Supreme Court's decision in *Hill* barred any federal constitutional right of allocution. Moreover, the court downplayed the Ninth Circuit's holding in *Boardman* and its efforts to distinguish *Hill*, stating that "little would be gained by applying such distinctions [i.e., defendant's failure to affirmatively request allocution] to a constitutional right of allocution." *Id.* at 247, 883 P.2d 663.

**8.** The *Green* case arose in the context of a § 2254 habeas corpus proceeding. The defendant's claim was rejected by the Fourth Circuit based upon the conclusion that there is no "clearly established" constitutional right to allocution and, therefore, the North Carolina Supreme Court did not err by denying defendant's request to allocute. That decision does not warrant a different outcome in this case. The issue in the instant case is whether Defendant possesses a constitutional right to allocute under controlling Ninth Circuit law, not whether the right is clearly established. Although the Court might well conclude that a constitutional right to allocute is not clearly established in all jurisdictions, the Court finds that the Ninth Circuit's decision in *Boardman* clearly establishes a constitutional right to allocute.

(1994); *Tennessee v. Stephenson,* 878 S.W.2d 530, 552 (1994).

These decisions are premised on the fact that a capital defendant has the right to testify under oath and subject to cross examination as to any relevant matter during the penalty phase. However, the Court is not so sanguine that the right to allocute can be equated with the opportunity to testify under oath and subject to cross examination. The Court observes that the fear of cross-examination might compel capital defendants to forego addressing the jury and offering pleas for mercy, expressions of remorse, or some explanation that might warrant a sentence other than death. Moreover, the Court sees no reason why a capital defendant should have a lesser right to explain his position and ask for mercy by being sworn and subject to cross examination than a non-capital defendant, who has an unfettered right to allocute.[9] Therefore, the Court is not persuaded that these authorities have identified a relevant distinction.

## III *GOVERNMENT'S ORAL REQUEST TO LIMIT DEFENDANT'S ALLOCUTION.*

■ Also at the hearing, after the Court orally denied the Government's motion, the Government asked the Court to limit Defendant's allocution, in essence, to a plea for mercy and to preclude any mention of controverted factual issues unless he was willing to be sworn and subject to cross-examination. The Court took the Government's request under advisement at the hearing.

In *Boardman,* the Ninth Circuit stated that the right to allocute encompasses not only the right to express remorse and plead for mercy, but also the right to explain:

> We reject California's transparent attempt to focus our attention on Boardman's crimes rather than on the significant Constitutional question he raises.

California argues that Boardman was not harmed by denial of allocution because of the offensive nature of his crimes. "What justification would a child molester who furnishes children drugs offer in his behalf?" The repugnant nature of those crimes makes it all the more vital that he have the opportunity to explain his actions and plead for leniency from the court. *See, e.g.,* In re Gustafson, 650 F.2d 1017, 1027 (9th Cir. 1981) ("Even a defendant convicted of the most heinous crime has the right to address the court prior to sentencing and thus apologize for or explain his or her conduct.") Because we conclude that the right to speak is of Constitutional dimension, see infra, California's view would limit the Constitutional rights of those defendants who commit unusually distasteful crimes. We cannot accept such a result.

*Boardman,* 957 F.2d at 1525 n. 2. The Ninth Circuit also noted that "the right of allocution 'contemplates an opportunity for the defendant to bring mitigating circumstances to the attention of the court.'" *Id.* at 1526 (quoting *Sherman v. United States,* 383 F.2d 837, 839 (9th Cir.1967)). Given that the Ninth Circuit has held that allocution is of constitutional importance, and that factual matters pertaining to Defendant's guilt will have been resolved during the guilt phase of the trial, the Court hereby DENIES the Government's request to limit Defendant's allocution to non-factual matters such as a plea for mercy.

### CONCLUSION

For the foregoing reasons, the Court DENIES the Government's Motion to Prohibit Allocution. The Court directs the Government to submit an appropriate limiting instruction in accordance with this Order before the commencement of the penalty phase of the trial. Furthermore, the Court DENIES the Government's re-

---

**9.** The Court emphasizes that Defendant should carefully consider what weight the jury will give his allocution compared to the testimony of other witnesses who are sworn and subject to cross examination, particularly in light of the Court's limiting instruction.

quest to limit Defendant's allocution to nonfactual matters such as a plea for mercy.

IT IS SO ORDERED.