# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

m 99-41432

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARIO ALBERTO HERNANDEZ-HERNANDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(L-99-CR-648-1)

---

November 10, 2000

Before JOLLY, JONES, and SMITH,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

 Mario Hernandez-Hernandez ("Hernan-dez"), a citizen of Mexico, pleaded guilty to illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326. He and his counsel signed a plea agreement admitting his guilt. Hernandez appeals, claiming that his guilty plea was not voluntary, that the district court violated the requirements of FED. R. CRIM. P. 11, and that the court failed to allow him to make a statement in mitigation of his sentence as required by FED. R. CRIM. P. 32(c). We conclude that Hernandez intended to plead guilty and that the failure to comply with rule 11 is harmless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error but that, as the government concedes, the rule 32(c) violations require us to vacate the sentence and remand it.

## I.

Hernandez asserts he did not intend to plead guilty and that the court neither entered a guilty plea nor explicitly accepted his plea. The record shows, however, that the district court accepted Hernandez's plea by entering a judgment of conviction on December 3, 1999. We review the acceptance of a guilty plea for clear error, *United States v. Rivas,* 85 F.3d 193, 194 (5th Cir. 1996), and the voluntariness of the plea *de novo*, *United States v. Reyna,* 130 F.3d 104, 111 (5th Cir. 1997).

A defendant must plead guilty knowingly and voluntarily.[2] The guilty plea "is itself a conviction; nothing remains but to give judgment and determine sentence." *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). If the defendant does not affirmatively show that he intelligently and voluntarily intends to plead guilty, the conviction cannot stand. *See id.*

The district court indisputably violated the rule 11 procedures designed to act as a prophylactic against precisely this type of challenge to a conviction. Regardless of the procedural errors, however, the record contains a written plea agreement signed by Hernandez, his counsel, and the prosecutor. Hernandez affirmed in court that he understood the agreement and its contents. Even though the court did not instruct him in open court as per rule 11, this fact in and of itself does not indicate that Hernandez did not "possess[] an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466 (1969)(finding such understanding an essential component of a knowing and voluntary plea).

The existence of a written plea agreement and the fact that Hernandez did not assert either (a) that he is innocent or (b) that he would not have waived his right to trial had he received the benefit of the rule 11 warnings lend credence to the district court's finding that Hernandez intentionally pleaded guilty. On appeal, however, Hernandez contests the validity of his plea because he never affirmed in open court that he would plead guilty of his own free will, that he understood the range of punishment, or that he understood that he waived his right to a jury trial.[3]

Hernandez, however, signed a written plea agreement containing this information and delineating the range of punishment and the specific rights he would have at trial that he waived by signing the agreement. The agreement additionally states that "[t]he defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty."

On the strength of this language, we conclude that Hernandez pleaded guilty voluntarily. With this plea agreement before it, the court did not clearly err either in determining that Hernandez intended to enter a guilty plea or in accepting that plea.[4]

_____

[2] *McChesney v. Henderson*, 482 F.2d 1101, 1106 (5th Cir. 1973) (citing *Brady v. United States*, 397 U.S. 742 (1970)).

[3] *Cf. United States v. Williams,* 20 F.3d 125, 133 (5th Cir. 1994).

[4] *Cf. United States v. Grandia*, 18 F.3d 184, 187 (2d Cir. 1994) (concluding that failure to ask
(continued...)

2

## II.

Hernandez argues that the failure to comply with the requirements of rule 11 rendered his guilty plea void. We disagree. Even though the court was lax in accepting the plea, these "variances from the procedures required" by rule 11 do not affect Hernandez's substantial rights; thus, we disregard them. *See* FED. R. CRIM. P. 11(h).

We review compliance with rule 11 *de novo*. *United States v. Myers,* 150 F.3d 459, 461 (5th Cir. 1998) (citing *United States v. Scott,* 987 F.2d 261, 264 (5th Cir. 1993)). A defendant may assert rule 11 violations on appeal regardless of whether he raised the issue in the district court. *United States v. Suarez,* 155 F.3d 521, 524 (5th Cir. 1998).

Rule 11(c) requires the court to address the defendant personally to determine that he understands and to inform him of certain facts, including the nature of the charge, the penalties involved, the right to an attorney, the right to a jury trial and the rights attendant to trial, and the waiver of those rights effected by the guilty plea. FED. R. CRIM. P. 11(c)(1)-(5). The court must "determin[e] that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." FED. R. CRIM. P. 11(d). If the defendant and the government have reached a written plea agreement, the court must advise the defendant that he has no right to withdraw his guilty plea if the court does not accept the prosecutor's sentencing recommendation. FED. R. CRIM. P. 11(e)(2). Finally, the court must make sufficient inquiry to establish a satisfactory factual basis for the plea. FED. R. CRIM. P. 11(f).

A conviction must be vacated when the court fails to follow the procedures prescribed by rule 11 and those variances affect substantive rights. *United States v. Watch,* 7 F.3d 422, 428-29 (5th Cir. 1993). The parties agree that the court failed to follow the procedures required by rule 11. Thus, we must decide whether those failures affected Hernandez's substantial rights. *See* rule 11(h).[5] Because they did not, we disregard them.

A variance from rule 11 affects substantial rights if "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Johnson,* 1 F.3d at 302. Because the plea agreement contained all the information the court must impart under rule 11, the court's actions did not affect Hernandez's decision to plead guilty.

Hernandez answered affirmatively when asked, during the plea hearing, whether he understood the agreement. The written agreement independently informed him, before he appeared in court, of each of the procedures required by rule 11. Thus, the court's actions did not materially affect Hernandez's understanding of the proceedings

---

[4](...continued)
defendant "How do you plead?" in open court is not fatal if it is evident from the facts and circumstances that defendant intended to plead guilty, affirmatively admitted his guilt, stated that he entered plea voluntarily, and fully believed he was pleading guilty).

---

[5] *See also United States v. Henry*, 113 F.3d 37, 40 (5th Cir. 1997) (citing *United States v. Johnson,* 1 F.3d 296, 297 (5th Cir. 1993) (en banc)).

or willingness to plead.[6]

### III.

The government agrees with Hernandez's contention that we must vacate and remand his sentence because the court failed to comply with FED. R. CRIM. P. 32(c)(3)(C), which requires it to "address the defendant personally and determine whether the defendant wished to make a statement and to present any information in mitigation of the sentence." "'If the district court fails to provide the rule 32 right of allocution, resentencing is required.'" *Myers*, 150 F.3d at 463 (quoting *United States v. Dominguez-Hernandez,* 934 F.2d 598, 599 (5th Cir. 1991)).

Therefore, we AFFIRM the conviction but VACATE the sentence and REMAND for resentencing.

---

[6] *Cf. United States v. Adams,* 961 F.2d 505, 510-12 (5th Cir. 1992) (holding the error harmless where the district court failed to determine the existence of a sufficient factual basis for the guilty plea but the record available to the appellate court independently supported it). Other circuits have held that written plea agreements containing information the district court failed to impart under rule 11 may cleanse the harm from the error. *See, e.g., United States v. Cross,* 57 F.3d 588, 591-92 (7th Cir. 1995) (finding harmless error where the defendant signed a plea agreement stating that the plea was voluntary); *United States v. Parkins,* 25 F.3d 114, 117-18 (2d Cir. 1994) (finding harmless error where the defendant signed a plea agreement that described the nature of the charge).