IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-41095

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JORGE VALENTINE RAMON, JR.,

Defendant - Appellant.

Appeal from the United States District Court
for the  Southern District of Texas, Laredo Division

October 10, 2002

Before GARWOOD and CLEMENT, Circuit Judges, and RESTANI, Judge.[*]

RESTANI, J.:

Appellant Jorge Valentine Ramon, Jr. appeals the district court's sentence imposed upon revocation of his supervised release.  Because the district court sentenced Ramon without affording him the right to allocute, we vacate and remand.

---

[*] Judge of the United States Court of International Trade, sitting by designation.

1

## I. FACTS AND PROCEEDINGS

In June 1996, Ramon was convicted on a guilty plea to possession with intent to distribute over two hundred (200) pounds of marijuana.[1] The district court sentenced Ramon to fifty (50) months in prison and three years supervised release. The conditions of the supervised release prohibited him from committing a federal or state crime including unlawful use of any controlled substance.

Ramon's term of supervised release began on October 8, 1999. In July 2001, the United States Probation Office filed a petition to revoke Ramon's supervised release, alleging that he had been arrested for possession of twenty-one (21) kilograms of cocaine and had submitted a urine sample that tested positively for cocaine.

On August 3, 2001, the district court held an initial hearing on revocation. Defense counsel explained that Ramon intended to contest revocation and that Ramon would remain silent in the revocation proceedings because "he would not want anything that he says here to be used against him in the state court." Transcript of TSR Revocation Proceeding (Aug. 3, 2001), p. 8, lines 11-15.

On September 5, 2001, the district court conducted an evidentiary hearing. The Government produced evidence that Ramon had been found in possession of twenty-one (21) kilograms of cocaine. At the close of the evidence, the district court asked, "All right. Okay. Well, anything else that you-all want to talk about?" Transcript of Second TSR Revocation

---

[1] Ramon was charged by a two-count indictment for conspiring to possess, and for possessing with intent to distribute 219.3 pounds of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 846. In April 1996, Ramon entered a plea of guilty to Count Two (possession charge) before the Honorable Hayden W. Head, Jr.

Hearing (Sept. 5, 2001), p. 31, lines 14-15. Defense counsel then argued that the Government had not met its burden of proving that the defendant had violated the conditions of his supervised release. The district court then commented that under federal law, Ramon would be facing a mandatory twenty (20) year sentence.

> But anyway, that's a Class A felony. And so under the recommended guidelines for supervised release, that's all I'm dealing with. I'm dealing with your 1996 case, really. I'll revoke the supervised release and order you to serve 21 months. You can appeal that decision for free. You just have to say that you want to, but you have to say it either right now or in the next 10 days. Okay?

Id. at 33, lines 10-18. Ramon nodded his head in the affirmative. Ramon's supervised release was revoked and he was sentenced to twenty-one (21) months in the custody of the Bureau of Prisons. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Southern District of Texas, Laredo Division, and more specifically under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984. Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure on September 12, 2001.

The district court's compliance with Rule 32 is a question of law subject to de novo review. United States v. Myers, 150 F.3d 459, 465 (5th Cir. 1998).

## III. ANALYSIS

Federal Rule of Criminal Procedure 32(c)(3)(C) requires that the district court "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence" prior to imposing sentence – a procedure

3

also known as allocution. Ramon contends that he was denied his right of allocution under Rule 32(c)(3)(C) because the court did not expressly give him the opportunity to make a mitigating statement prior to imposition of sentence. The question here is whether the court's statement, "anything else that you-all want to talk about?", satisfies Rule 32(c)(3)(C). We find that it does not.

Generally, a defendant must expressly and unequivocally be given an opportunity to personally speak on his own behalf before a sentence is imposed. See, e.g., Myers, 150 F.3d at 462; United States v. Anderson, 987 F.2d 251, 261 (5th Cir. 1993); United States v. Dominguez-Hernandez, 934 F.2d 598, 599 (5th Cir. 1991). "Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." Cuozzo v. United States, 325 F.2d 274, 275 (5th Cir. 1963) (quoting Green v. United States, 365 U.S. 301, 305 (1961)).

Failure to give a defendant the right of allocution is grounds for remand. "[A]llocution continues to play a salient role in criminal cases. Thus, while we do not attach talismanic significance to any particular string of words, a defendant must at least be accorded the functional equivalent of the right." United States v. De Alba Pagan, 33 F.3d 125, 129 (1st Cir. 1994). That right must be communicated unequivocally, see , e.g., United States v. Echegollen-Barrueta, 195 F.3d 786, 790 (5th Cir. 1999); Myers, 150 F.3d at 461, even at probation revocation hearings. See, e.g., United States v. Turner, 741 F.2d 696, 699 (5th Cir. 1984) (vacating sentence imposed following revocation and remanding for resentencing on the ground that the defendants had been denied the right of allocution); United States v. Eads, 480 F.2d 131, 132 (5th Cir. 1973) (same).

4

We find that the district court's statement, "anything else that you all want to talk about?", did not unambiguously provide defendant the right of allocation here. "[T]he district court's failure to comply with Rule 32(c)(3)(C) requires automatic reversal," United States v. Dabeit, 231 F.3d 979, 981 (5th Cir. 2000), and remand for resentencing. Myers, 150 F.3d at 463; Anderson, 987 F.2d at 261. This is true even if there was no objection in the district court and even if the defendant has not stated that he wishes to allocute. See Dominguez-Hernandez, 934 F.2d at 599.

Defendant did not waive his right of allocation at sentencing by remaining silent for the purposes of revocation. While a district court has not deprived a defendant of his right to allocute when it keeps him from incriminating himself at the sentencing by interrupting an inculpatory statement, United States v. De La Paz, 698 F.2d 695, 697 (5th Cir. 1983), that is not the case here. The record suggests that Ramon elected to remain silent expressly for the purposes of revocation, not sentencing. "[O]nly at the final sentencing can the defendant respond to a definitive decision of the judge." United States v. Moree, 928 F.2d 654, 656 (5th Cir. 1991) (quoting United States v. Behrens, 375 U.S. 162, 168 (1963) (Harlan J. , concurring)). The court's omission in this regard was not harmless error. Myers, 150 F.3d at 463 ("[R]emand is necessary even when the judge's comments, at the sentencing hearing or elsewhere, indicate that the judge would remain unmoved in the face of *anything* the defendant has to say.") (emphasis in original).

## IV. CONCLUSION

The sentence imposed by the district court is VACATED and the case remanded for resentencing.[2]

---

[2] We note that Ramon has not explained what he would have said to persuade the trial judge to lower his sentence. It is unlikely that he would have said anything at all, considering that he had charges pending in state court arising from the same incident. Ramon's attorney stated that Ramon would remain silent – and Ramon did remain silent – for that very reason. Moreover, the district judge commented that Ramon would be facing a minimum of twenty (20) years had he been indicted in the federal system, which suggests that it is also unlikely the judge would have been persuaded to sentence Ramon to anything below the maximum of twenty-one (21) months.

We agree with Judge Davis' concurrence in Myers that our allocution jurisprudence completely ignores the plain error and harmless error strictures of Federal Rule of Criminal Procedure 52, see 150 F.3d at 465 (Davis, J., concurring), and we would affirm the sentence if we were not bound to follow the decisions of prior panels. In the light of United States v. Vonn, 122 S. Ct. 1043, 1046 (2002), and its holding that Rule 52 in its entirety applies to the taking of pleas under Federal Rule of Criminal Procedure 11, en banc review may be appropriate.