United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41366
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO PALENCIA-CONTRERAS,
also known as Joaquin Gonzalez-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-322-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Palencia-Contreras ("Palencia") appeals the 37-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He first argues that his prior conviction for simple possession of cocaine under Texas law should not be considered an aggravated felony for enhancement purposes under U.S.S.G. § 2L1.2. The argument is foreclosed. See United States v. Caicedo-Cuero, 312 F.3d 697,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

706-11 (5th Cir. 2002); <u>United States v. Hinojosa-Lopez</u>, 130 F.3d 691, 694 (5th Cir. 1997).

Palencia next argues, for the first time on appeal, that his sentence is unconstitutional because <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), has effectively been overruled by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). However, <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). To the extent that Palencia argues that <u>Almendarez-Torres</u> has been overruled by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), he is incorrect; nothing in <u>Booker</u> suggests that the rule of <u>Alemendarez-Torres</u> has been disturbed. <u>Booker</u>, 125 S. Ct. at 756.

Palencia additionally argues, also for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing <u>Booker</u>. He acknowledges that the argument is reviewed for plain error but contends that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. <u>See</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Palencia under a mandatory sentencing guidelines regime. <u>See</u>

United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Palencia, however, fails to meet his burden of showing that the district court's error affected his substantial rights because he points to nothing in the record indicating that the district court would have imposed a lesser sentence under an advisory scheme. See Valenzeuela-Quevedo, 407 F.3d at 733-34; Mares, 402 F.3d at 521.

The district court's judgment is AFFIRMED.