**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20723
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO JUAREZ-JIMENEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-21-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ernesto Juarez-Jimenez appeals the sentence he received for his conviction for illegal reentry into the United States following deportation subsequent to an aggravated felony conviction.

As an initial matter, this court must raise the issue of mootness sua sponte because it is a threshold issue and implicates Article III jurisdiction. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). According to the records of the Federal Bureau of Prisons, Juarez-Jimenez was released from custody on March 3, 2006.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To the extent that Juarez-Jimenez appeals his conviction, his appeal is not moot simply because his term of imprisonment has expired. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, because Juarez-Jimenez's term of imprisonment has expired, Juarez-Jimenez's appeal is moot to the extent that it challenges his sentence of imprisonment. See United States v. Johnson, 529 U.S. 53, 60 (2000); United States v. Ramon, 320 F.3d 519, 519-20 (5th Cir. 2003). Nevertheless, Juarez-Jimenez's appeal is not moot to the extent that it challenges the supervised release portion of his sentence. See United States v. Lares-Meraz, 452 F.3d 352, 355 (5th Cir. 2006).

Juarez-Jimenez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 30-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Juarez-Jimenez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.),

cert. denied, 126 S. Ct. 298 (2005). Juarez-Jimenez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Juarez-Jimenez renews his argument, preserved in the district court, that in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), his Sixth Amendment rights were violated when the district court assessed an eight-level enhancement under § 2L1.2(b)(1)(C).

Where, as here, an error under United States v. Booker, 543 U.S. 220 (2005), has been preserved in the district court, we "will ordinarily vacate the sentence and remand," unless the error is harmless." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government bears the burden of demonstrating that the error was harmless beyond a reasonable doubt. Id. at 285. In order to carry this burden, the Government must show that the Booker error did not affect the sentence, i.e., it must show that the district court would have imposed the same sentence absent the error. United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).

The Government concedes Booker error. However, it contends that the error was harmless because it is clear beyond a reasonable doubt that the district court would not have imposed a lesser sentence if the Guidelines had been advisory rather than mandatory at the time of Juarez-Jimenez's sentencing. It notes that the

district court imposed a sentence at the top of the guideline range and that the district court found the sentence adequately addressed the sentencing objectives of punishment and deterrence.

The imposition of the maximum sentence within the guideline range alone is insufficient to establish that the <u>Booker</u> error was harmless beyond a reasonable doubt. <u>See</u> <u>United States v. Woods</u>, 440 F.3d 255, 258-59 (5th Cir. 2006). In light of <u>Woods</u>, there is nothing in the record which demonstrates beyond a reasonable doubt that the district court would have imposed the same sentence under the post-<u>Booker</u> advisory sentencing regime.

Accordingly, the Government cannot meet its burden, and Juarez-Jimenez sentence is vacated and the case is remanded for resentencing in accordance with <u>Booker</u>.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.