# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 04-41366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTURO PALENCIA-CONTRERAS, also known as Joaquin
Gonzalez-Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-322-ALL

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arturo Palencia-Contreras (Palencia) appeals the sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Palencia argues that the district court misapplied the Sentencing Guidelines by characterizing his previous Texas felony conviction for possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a controlled substance as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). In a prior opinion, this court affirmed the sentence imposed. See United States v. Palencia-Contreras, 141 Fed. App'x 342, 343 (5th Cir. 2005). The Supreme Court granted certiorari, vacated this court's judgment, and remanded the case for further consideration in light of its intervening decision in Lopez v. Gonzales, 127 S. Ct. 625 (2005).

Because Palencia has now completed the confinement portion of his sentence, any argument that the term of incarceration should be reduced is moot, and the only portion of the sentence remaining for consideration is his term of supervised release. See United States v. Ramon, 320 F.3d 519, 519-20 (5th Cir. 2003); see also Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006). Palencia, however, has been removed from the United States. Because he is barred from returning to the United States and because there is no indication that he has waived his right to be present for resentencing, Palencia's challenge to the validity of his sentence is moot. See United States v. Rosenbaum-Alanis, 483 F.3d 381, 383 (5th Cir. 2007). Accordingly, the appeal is DISMISSED.