[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2009
THOMAS K. KAHN
CLERK

No. 08-15047
Non-Argument Calendar

_____

D. C. Docket No. 08-60057-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2009)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Omar Gonzalez appeals from his 14-month sentence for willfully and knowingly making a false statement in a passport application, in violation of 18

U.S.C. § 1542. On appeal, Gonzalez argues that his Fifth Amendment right to remain silent was violated because the district court improperly relied on the government's evidence regarding a pending state firearm possession charge to impose an upward variance at sentencing. After thorough review, we affirm.

We review questions of constitutional law de novo. United States v. Brown, 364 F.3d 1266, 1268 (11th Cir. 2004).

The Fifth Amendment provides that "[n]o person shall . . . be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. It "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77 (1973). However, the privilege against self-incrimination guarantees "only that the witness not be compelled to give self-incriminating testimony." McKune v. Lile, 536 U.S. 24, 35-36 (2002) (quotations omitted). A witness's answers "are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of privilege." United States v. Vangates, 287 F.3d 1315, 1320 (11th Cir. 2002) (quotations omitted). Thus, while the strength of the government's case may push

a defendant to testify, this pressure is not "compulsion" for Fifth Amendment purposes. Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 287 (1998).

In United States v. Fleming, 849 F.2d 568, 569 (11th Cir. 1988), we held that the Fifth Amendment does not require a sentencing court to either refuse to consider evidence of the defendant's involvement in other criminal conduct, or grant the defendant immunity from prosecution regarding any statements made during sentencing. We relied on the Seventh Circuit's reasoning in a similar case, United States v. Marshall, 719 F.2d 887 (7th Cir. 1983), wherein the Seventh Circuit rejected the defendant's argument that the Fifth Amendment prohibits a sentencing court from considering the government's unrebutted evidence of the defendant's other criminal wrongdoing. The Seventh Circuit explained that:

> [the defendant,] Marshall[,] was not compelled to testify against himself, nor was he punished for not testifying on his own behalf. Marshall, like any defendant who chooses not to testify, took the chance that the uncontradicted [g]overnment testimony would be deemed credible. If we were to adopt Marshall's argument, the privilege against self-incrimination would be a way to completely rebut the Government's evidence without the defendant presenting any evidence of his own. The privilege against self-incrimination has never been so construed.

Marshall, 719 F.2d at 892.

We find no merit in Gonzalez's Fifth Amendment challenge to the district court's consideration of his pending state law charges at sentencing. As an initial

3

matter, the risk that the district court would be persuaded by the government's evidence regarding the pending state firearm possession charge in calculating an appropriate sentence did not create an unconstitutional burden on Gonzalez's right against compelled self-incrimination. Gonzalez himself conceded on appeal that the sentencing court "likely did not draw any direct inference" from his silence. (Emphasis omitted).

Moreover, under our clear case law, the Fifth Amendment does not require a sentencing court to either refuse to consider evidence regarding the defendant's involvement in other criminal conduct, or grant the defendant immunity from prosecution regarding any statements made during sentencing. Fleming, 849 F.2d at 569. Rather, by not testifying, Gonzalez simply took the chance that the uncontradicted government testimony would be deemed credible. Marshall, 719 F.2d at 892. As a result, Gonzalez was not compelled to testify at sentencing -- and, in fact, he did not testify -- and any pressure that he may have felt to testify in response to the strength of the government's evidence regarding the state charge could not constitute "compulsion" for Fifth Amendment purposes. Woodard, 523 U.S. at 287.[1]

---

[1] To the extent that Gonzalez argues that he was subject to "duplicative punishment" based on the district court's consideration of his pending state law charges, this Court need not consider this argument because it was raised for the first time in the reply brief, and thus, may be deemed waived. See United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999) (holding that

**AFFIRMED.**

---

a defendant waives a claim that he raises for the first time in his reply brief).