IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50321
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HERNANDEZ-CASTANON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1653-1-DB

_____

December 1, 2000

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Luis Hernandez-Castanon appeals the sentence imposed following his guilty plea

to a charge of violating 8 U.S.C. § 1326. His motion for leave to supplement the record

is GRANTED.

Hernandez-Castanon asserts that the district court did not verify, under Fed. R.

Crim. P. 32(c)(3)(A), a reading of the presentence report and its discussion with

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel. He further asserts that compliance with Rule 32(c)(3)(A) cannot be inferred from the record, and that we should not apply a harmless error analysis. He contends that a remand is required.

Hernandez-Castanon objected to the PSR and moved for a downward departure. The district court discussed these issues at sentencing. He did not raise the issue of the Rule 32(c)(3)(A) omission in the district court. He does not claim that he did not read the PSR or discuss it with his attorney. Accordingly, we review for plain error only.[1]

Under Fed. R. Crim. P. 52(b), we may act on forfeited errors only when the appellant shows a clear and obvious error affecting substantial rights.[2] If such be shown, the decision to correct the forfeited error is within our sound discretion. We will decline to exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3]

Because Hernandez-Castanon does not allege that he did not read the PSR and did not discuss it with his attorney, he does not allege prejudice. Accordingly, no plain error has been established.

Hernandez-Castanon challenges his sentence as a violation of due process, citing Apprendi v. New Jersey.[4] He contends that the indictment did not allege the prior aggravated felony that was used to increase his punishment and that 8 U.S.C.

---

[1]United States v. Vasquez, 216 F.3d 456 (5th Cir. 2000), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sept. 25, 2000) (No. 00-6282).

[2]United States v. Calverley, 37 F.3d 160 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725 (1993)).

[3]Olano, 507 U.S. at 736.

[4]120 S. Ct. 2348, 2362-63 (2000)

§ 1326(b)(2) is an unconstitutional sentencing enhancement. He acknowledges that his position is foreclosed by the holding in <u>Almendarez-Torres v. United States</u>;[5] however, he wishes to preserve the issue for further review.

The <u>Apprendi</u> Court did not overrule <u>Almendarez-Torres</u>.[6] Accordingly, Hernandez-Castanon's sentence is AFFIRMED.

---

[5]523 U.S. 224, 235 (1998)

[6]120 S. Ct. at 2362-63; <u>United States v. Doggett</u>, ___ F.3d ___, 2000 WL 1481160 *5 (5 Cir. Oct. 6, 2000) (stating that the Supreme Court in <u>Apprendi</u> did not overrule its decision in <u>Almendarez-Torres</u>).