# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-40824

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PATRICIO CONTRERAS VASQUEZ, etc.**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas**
_____

June 22, 2000

Before JONES and BENAVIDES, Circuit Judges, COBB, District Judge[*]

COBB, District Judge

In this case, we address an issue explicitly left open by this court in United States v. Echegollen-Barrueta, 195 F.3d 786, 790 (5th Cir. 1999)("[W]e decline to reach the closer question of whether [the defendant] is entitled to reversal on a Rule 32(c)(3)(B) error to which he failed to object."). That is, whether a district court's failure to comply with Fed. R. Crim. P. 32(c)(3)(B), which requires the court during sentencing to afford the defendant's counsel an opportunity to speak on his behalf, is amenable to plain error analysis under Fed. R.

_____

[*] District Judge of the Eastern District of Texas, sitting by designation.

-1-

Crim. P. 52(b). We find that it is and affirm the district court's sentence.

**BACKGROUND**

Appellant, Patricio Contreras Vasquez, pled guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a)&(b). Under the terms of the plea agreement, the government agreed to recommend Vasquez be sentenced to the lower end of the guidelines range.

The presentence investigation report [PSR] calculated Vasquez's imprisonment range to be from 77 to 96 months. At sentencing, the district court first noted that there were no objections to the PSR, and then invited Vasquez to address the court before the sentence was imposed. Vasquez admitted he had violated the statute by illegally re-entering the United States. Vasquez, however, claimed that he was unaware that he would be subject to an enhanced sentence because of his previous convictions. The court then explained the effect of prior convictions to Vasquez under the Federal Sentencing Guidelines. After explaining the effect of the prior convictions, the district court ordered Vasquez to serve 90 months imprisonment and 3 years supervised release. At no point during the sentencing hearing did the district court expressly invite Vasquez's counsel to speak on his behalf. Vasquez's counsel did not object to this oversight. Moreover, Vasquez's counsel never asked the court's permission to speak on behalf of her client, or brought it to the trial court's attention. This appeal

followed.[1]

**DISCUSSION**

Vasquez argues that his sentence must be vacated and remanded because the district court failed to afford his counsel an opportunity to speak on his behalf before sentencing in accordance with Rule 32(c)(3)(B). We review de novo whether a district court complied with Rule 32. See United States v. Myers, 150 F.3d 459, 461 (5th Cir. 1998).

This court has before ruled that a district court's failure to communicate unequivocally to a defendant that he has the right to address the court before sentencing is imposed mandates a re-sentencing and is not subject to plain-error review. See Echegollen-Barrueta, 195 F.3d at 789-90; Myers, 150 F.3d at 463. The practice of allowing a defendant a chance to speak before sentencing is referred to as the right of allocution.[2] The right of allocution dates back to 1689. See Anonymous, 3 Mod. 265, 266, 87 Eng. Rep. 175 (K.B. 1689) (finding the failure to ask the defendant if he had anything to say before sentence was imposed required reversal).

In Myers, we explained that the right of allocution is one "deeply embedded in our jurisprudence" which weighs against applying a harmless error analysis. Myers, 150 F.3d at 463. The "bright line" rule

---

[1] The plea agreement included a waiver-of-appeal provision but the government has specifically waived any reliance on it because the district court failed to admonish Vasquez concerning this waiver and the court advised Vasquez that he could appeal his sentence. Hence, this court need not decide whether Vasquez's appeal falls within the scope of the appeal waiver. See United States v. Myers, 150 F.3d 459, 460 n.1 (5th Cir. 1998).

[2] The right of allocution refers to the defendant's right to address the court and not his counsel's. See BLACK'S LAW DICTIONARY 76 (6th ed. 1990) ("formality of court's inquiry of defendant as to whether he has any legal cause to show why judgment should not be pronounced against him on verdict of conviction").

established in <u>Myers</u>, requiring remand whenever a defendant is denied the right to personally allocute in accordance with Rule 32(c)(3)(C), vindicates the important policy concerns embodied in the rule and "forecloses . . . chancy inquiries" into whether a defendant's allocution might have resulted in a different sentencing decision. <u>Id.</u> at 464-65.

Vasquez maintains that the right to have counsel speak on behalf of the defendant is equally as important as the right to personally allocute before sentencing.  Vasquez relies on the reasoning in <u>Myers</u> and concludes that the district court's failure to have his counsel address the court is not subject to plain-error review because of the importance of having counsel speak on behalf of their clients, and the uncertainty of the effect counsel's statements might have on the sentence imposed by the district court.

Unfortunately for Vasquez, the language of 32(c)(3)(B) does not dictate the result this court reached in <u>Myers</u> with regard to the right of allocution.  A review of the Rule reveals the significant differences between the right of a defendant to allocute and the right of the defendant to have counsel speak on his behalf. Rule 32(c) states in pertinent part:

> (3) Imposition of Sentence.  Before imposing sentence, the court must:
> (B) afford defendant's counsel an opportunity to speak on behalf of the defendant;
> (C) address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence;

Rule 32(c)(3)(C) directs the court to "address the defendant personally" and determine whether the defendant wishes to speak and present

information to mitigate the sentence. The rule "envisions a personal colloquy between the sentencing judge and the defendant." Myers, 150 F.3d at 461 (citing United States v. Anderson, 987 F.3d 251, 261 (5th Cir. 1993). The burden of complying with the right of allocution, 32(c)(3)(C), rests with the court and not the defendant. Id. at 464; United States v. Dominguez-Hernandez, 934 F.2d 598, 599 (5th Cir. 1991). In direct contrast to this, Rule 32(c)(3)(B) directs the court to "afford defendant's counsel an opportunity to speak" prior to sentencing. (emphasis added). Thus, the language of the Rule demonstrates that the court does not have the same burdens in affording defense counsel an opportunity to speak as it does personally with the defendant. Consequently, it follows defense counsel should bear the burden of objecting if no opportunity is afforded.

Vasquez's counsel never objected to nor called the apparent oversight to the district court's attention. The court is confident that competent members of the bar will speak up during a sentencing hearing on behalf of their clients when counsel has a matter they would like to bring to the court's attention. The right of allocution embodied in 32(c)(3)(C) reflects the principle that "the court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentencing." Myers, 150 F.3d at 462 (quoting United States v. De Alba Pagan, 33 F.3d 125, 129 (1st Cir. 1994)). Thus, the burden rests with the court to make sure the defendant understands that he has the right to say anything he wants before the sentence is

imposed. There is no need for this rationale to be applied to counsel's right to speak, since attorneys already know they have the right to speak on behalf of their clients. All a district court must do under Rule 32 is "afford" defense counsel the "opportunity" to address the court.

Since defense counsel did not object to the court's failure to give her an opportunity to address the court, Rule 52(b) plain-error analysis applies. Under this standard, reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993); see also Johnson v. United States, 520 U.S. 461, 467 (1997). In this case, Vasquez has shown no prejudice from his attorney not being "afforded" the "opportunity" to address the court. The sentence imposed on Vasquez was within the court's discretion, and Vasquez has not alleged what additional argument his counsel would have provided which may have persuaded the court to impose a lower sentence. Accordingly, there is no basis to conclude that Vasquez's substantial rights were affected.

We note that it is in a district court's best interests to inquire of all defense counsel whether they have anything to add during sentencing hearings, because defense counsel could be able to articulate points more clearly than individual defendants. See Powell v. Alabama, 287 U.S. 45, 68-69 (1932). It does not necessarily follow, however, that the failure of a district court automatically to "afford" counsel the "opportunity" to speak requires remanding for re-sentencing.

-6-

Usually, a court's oversight in this regard can easily be corrected at the sentencing hearing by requiring counsel to simply notify the court they have something to add.  See United States v. Dominquez-Hernandez, 934 F.2d 598, 599 (5th Cir. 1991) (remanding for resentencing "[w]ith misgivings" where defense counsel failed to object to denial of defendant's right to personally allocute).  While a clear and affirmative denial of defense counsel's right to speak could well require us to vacate and remand for re-sentencing, the defense counsel's failure to object here is viewed under the plain error analysis.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's sentence.

**AFFIRMED.**