IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

Summary Calendar
No. 99-51113
USDC No. DR-99-CR-386-ALL

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER DAVID REYES-AGUILAR,

Defendant-Appellant;

———————————————

Consolidated with
No. 99-51140
USDC No. DR-99-CR-314-ALL

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO RINCON-VILLARREAL,

Defendant- Appellant;

———————————————

Consolidated with
No. 00-50093
USDC No. EP-99-CR-1289-ALL

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO ALONZO-GONZALEZ,

                              Defendant-Appellant;

_____

          Consolidated with
              No. 00-50137
      USDC No. EP-99-CR-1193-ALL
_____


     UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

              versus

     PEDRO FLORES-LOPEZ, also known
            as Pedro Lopez,

                              Defendant-Appellant;


_____

          Consolidated with
              No. 00-50138
      USDC No. EP-99-CR-1193-ALL-DB
_____


     UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

              versus

     ARMANDO HERNANDEZ-RAMOS,

                              Defendant-Appellant;


_____

          Consolidated with
              No. 00-50081
      USDC No. SA-99-CR-358-ALL
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO SANTOS-GONZALEZ, also known as Arnulfo
Rodriguez, also known as Arnulfo Rodriguez-
Gonzalez, also known as Pedro Santos,

Defendant-Appellant.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
- - - - - - - - - -
October 18, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, appellants argue that the district court violated FED. R. CRIM. P. 32(c)(3)(A) by failing to verify at sentencing whether the appellants had read their respective presentence reports and discussed them with counsel. Appellants contend that this failure is not subject to harmless-error analysis but requires that their sentences be vacated and remanded for resentencing. They assert that no showing of prejudice is necessary and have not attempted to establish prejudice or argue that they did not review the presentence reports or discuss them with counsel.

The Government argues that the sentencing transcripts show that all of the parties were familiar with the presentence reports

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that no party had further information regarding the reports that they wanted to proffer to the district court. The Government asserts, in the alternative, that any Rule 32 error was harmless.

Because appellants did not raise the issue of noncompliance with Rule 32(c)(3)(A) in the district court, we review this issue only for plain error. See United States v. Vasquez, 216 F.3d 456, 458-59 (5th Cir. 2000). Under FED. R. CRIM. P. 52(b), this court may correct forfeited errors only when an appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-37 (1993)). "[I]n most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." Calverley, 37 F.3d at 164.

None of the appellants allege that they did not read the presentence report or discuss it with counsel, nor do they allege prejudice. Therefore, they have not established plain error, and the convictions and sentences are AFFIRMED.

Appellants also argue that under Apprendi v New Jersey, 120 S. Ct. 2348 (2000), the district court should not have imposed a sentence greater than two years based on prior aggravated felonies under 8 U.S.C. §1326. However, this court is bound to follow United States v Almendarez-Torres, 523 U.S. 224 (1998), which clearly rejected that argument. See Agostini v Felton, 521 U.S.

203, 237 (1997).  Therefore, appellants' argument is without merit,

and the conviction and sentences are AFFIRMED.

AFFIRMED.