IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50292
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE HERNANDEZ-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-611-ALL-WWJ
--------------------
December 1, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Hernandez-Rodriguez (Hernandez) appeals his guilty-plea conviction and sentence for being an alien found illegally in the United States subsequent to deportation. See 8 U.S.C. § 1326(a), (b)(2).

Hernandez argues that the district court erred, pursuant to Fed. R. Crim. P. 32(c)(3)(A), at sentencing by failing to inquire whether Hernandez and his counsel had read the presentence report (PSR). He concedes that the record supports the inference that defense counsel had reviewed the PSR. However, he asserts that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nothing in the record supports a similar inference about Hernandez's having reviewed the PSR.  He contends that the error is not subject to harmless-error analysis, and therefore, his sentence should be vacated and the case remanded for resentencing.

Because Hernandez did not raise the issue of noncompliance with Rule 32(c)(3)(A) in the district court, we review only for plain error.  See United States v. Vasquez, 216 F.3d 456, 458-59; United States v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000).  Although Hernandez has demonstrated that the district court's oversight at sentencing amounted to Rule 32(c)(3)(A) error, he fails in his burden to demonstrate that the error affected his substantial rights.  See United v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); see also United States v. Olano, 507 U.S. 725, 734 (1993) (explaining that the burden resides with the defendant to demonstrate that substantial rights were affected).  Hernandez does not contend that he did not read or discuss the PSR with defense counsel.  He fails to assert any prejudice ensuing from the court's Rule 32(c)(3)(A) oversight.  Therefore, Hernandez fails to establish plain error.  See Vasquez, 216 F.3d at 459; Stevens, 223 F.3d at 243-46.

Hernandez also argues that, pursuant to Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his 71-month sentence exceeds the two-year statutory maximum because his prior aggravated felony was not alleged in the indictment and because § 1326(b)(2) is an unconstitutional sentencing enhancement.  He acknowledges that his argument is defeated by Almendarez-Torres

v. United States, 523 U.S. 224, 226-27 (1998), but he notes that he is attempting to preserve the issue for Supreme Court review. We are compelled to follow controlling Supreme Court law. Accordingly, Hernandez's argument is without merit. See United States v. Dabeit, ___ F.3d ___ (5th Cir. Oct. 30, 2000), 2000 WL 1634264 at *4.

AFFIRMED.