IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50032
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE LUIS MARTINEZ-RODRIGUEZ, also known
as Miguel Angel Sanchez-Hernandez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-1553-1-DB
--------------------
July 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Martinez-Rodriguez ("Martinez") appeals his guilty-plea conviction and sentence for being an alien found illegally in the United States subsequent to deportation.  See 8 U.S.C. § 1326(a), (b)(2).  Martinez argues that the district court erred at sentencing by failing to verify that Martinez and his counsel had read and discussed the presentence report (PSR), as required by Fed. R. Crim. P. 32(c)(3)(A).  He concedes that the record supports the inference that defense counsel had

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed the PSR. However, he asserts that nothing in the record supports a similar inference that he reviewed the PSR. He contends that the error is not subject to harmless-error or plain-error analysis, and therefore, his sentence should be vacated and the case remanded for resentencing.

Because Martinez did not raise the issue of noncompliance with Rule 32(c)(3)(A) in the district court, we review only for plain error. See United States v. Vasquez, 216 F.3d 456, 458-59 (5th Cir.), cert. denied, 121 S. Ct. 414 (2000); United States v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000). Although Martinez has demonstrated that the district court's oversight at sentencing amounted to Rule 32(c)(3)(A) error, he fails in his burden to demonstrate that the error affected his substantial rights. See United v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); see also United States v. Olano, 507 U.S. 725, 734 (1993) (burden resides with defendant to demonstrate that substantial rights were affected). Martinez does not contend that he did not read or discuss the PSR with defense counsel. He fails to assert any prejudice ensuing from the court's Rule 32(c)(3)(A) oversight. Therefore, he fails to establish plain error. See Vasquez, 216 F.3d at 459; Stevens, 223 F.3d at 243-46.

AFFIRMED.