IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40536
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN EIDSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-109-1
--------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Bryan Eidson appeals the district court's sentence extending his term of probation following a revocation hearing. Eidson argues that the district court erred because it extended his probationary term beyond the three-year term made applicable by U.S.S.G. §§ 5B1.1-5B1.3 to the initial setting of his probationary term.

Eidson did not object to the extension of his probationary term during the sentencing hearing and, therefore, we review the issue for plain error only. United States v. Navejar, 963 F.2d

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

732, 734 (5th Cir. 1992). Plain error requires Eidson to show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir.), cert. denied, 531 U.S. 972 (2000).

There are no applicable guidelines for sentencing after revocation of probation, see U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, ¶ 1; therefore, unless a sentence is in violation of the law or plainly unreasonable, this court will uphold it. See United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001). A district court may extend a term of probation, "if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation." 18 U.S.C. § 3564(d) (emphasis added).

Eidson's argument is premised on the allegation that the District Court of New Mexico erred in his September 2000 sentencing. This court can neither review nor correct that alleged error. The District Court of New Mexico's determination that the range of probation was from one to five years was therefore correct vis-à-vis the Texas court. Consequently, pursuant to the provisions applicable to the initial setting of the term of probation, the Texas court had the authority to extend Eidson's probation another two years. See 18 U.S.C. § 3564(d). Eidson has not demonstrated plain error.

AFFIRMED.