IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31079
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON SMITH, also known
as Taburk,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-319-3-D
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Brandon Smith argues that the district court's failure to advise him of his right to trial by jury in accord with FED. R. CRIM. P. 11 was reversible error. The Government concedes that the district court did not expressly advise Smith of his right to a jury trial during the rearraignment proceedings. However, Smith acknowledges that he did not object to the district court's omission during the rearraignment proceeding.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant who fails to object in the district court to a FED. R. CRIM. P. 11 error bears the burden of demonstrating plain error on appeal. United States v. Vonn, 122 S. Ct. 1043, 1046 (2002). Plain error requires Smith to show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir.), cert. denied, 531 U.S. 972 (2000).

The reviewing court may consider portions of the record other than the FED. R. CRIM. P. 11 colloquy in determining the effect of any error on substantial rights. Vonn, 122 S. Ct. at 1054. Smith was advised by the magistrate judge of his right to a jury trial at his initial appearance. Smith has not asserted that he was unaware of his right to a jury trial or that the omission of the word "jury" likely affected his decision to plead guilty.

The record does not reflect that the district court's omission affected Smith's decision to plead guilty. Accordingly, Smith's substantial rights were not affected by the omission. Nor does the record reflect that the error had any serious effect on the integrity of the judicial proceeding. Vonn, 122 S. Ct. at 1048. Thus, the FED. R. CRIM. P. 11 violation does not rise to the level of plain error.

Smith's conviction and sentence are AFFIRMED.