**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-50455**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE ALFREDO GALLEGOS-RAMIREZ,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(DR-00-CR-375-1)**

---

June 26, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Gallegos-Ramirez appeals his guilty-plea conviction and sentence for illegal reentry, in violation of 8 U.S.C. § 1326, contending: the aggravated-felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment; and his plea was rendered involuntary because, in violation of FED. R. CIV. P. 11(c)(1), the magistrate judge failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to address his alleged misunderstanding of the maximum sentence that he faced.

Ramirez acknowledges correctly that his "element of the offense" argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998); he seeks to preserve the issue for Supreme Court review in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *see also United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001).

Concerning the involuntary plea argument, a defendant who fails to object in district court to a FED. R. CRIM. P. 11 error bears the burden on appeal of demonstrating plain error. *United States v. Vonn*, 122 S. Ct. 1043, 1046 (2002). Plain error requires Ramirez to show "(1) an error; (2) that is clear or plain; [and] (3) that affects [his] substantial rights". *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir.), *cert. denied*, 531 U.S. 972 (2000). Even then, we have discretion not to correct the error; generally, we will not do so unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings". *Id*. Ramirez has failed to show the failure to address his alleged misunderstanding as to the applicable maximum sentence affected his substantial rights. First, the magistrate judge properly advised Ramirez of the statutory maximum sentence of 20 years' imprisonment. Second, there is nothing in the record to show, and

Ramirez does not state on appeal, that, had the magistrate judge reiterated the statutory maximum sentence after Ramirez expressed his belief that the maximum sentence was two years, he would not have pleaded guilty and would have proceeded to trial. *See, e.g., **United States v. Cuevas-Andrade***, 232 F.3d 440, 445 (5th Cir. 2001), *cert. denied*, 532 U.S. 1014 (2001).

**AFFIRMED**