**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-51268**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PABLO ROGELIO BECERRA-LOPEZ, also known as Juan Lopez-Rodriguez,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
Lower Court No. EP-01-CR-758-ALL-DB

_____

September 23, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Becerra appeals from a 41-month sentence imposed for his illegal reentry into the United States after having been previously deported. See 8 U.S.C. § 1326. On appeal, the only issue he raises that is worthy of discussion is whether the district court and prosecutor committed plain error, respectively,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in jury instructions and closing argument that omitted the standard of general intent to commit this crime. Because the errors in question did not seriously affect the fairness, integrity or public reputation of judicial proceedings, we affirm.

Since Becerra made no objection to the now-challenged instructions and argument, we are constrained by the plain error standard and will not reverse unless there was an error that is clear or plain; that affects the defendant's substantial right; and that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). We will only consider the last prong of the plain-error test.

Becerra correctly observes that the crime of illegal reentry is a general intent offense, which requires proof of wilful and knowing acts. The government must prove that a defendant was knowingly in the United States after having been previously deported. United States v. Guzman-El Campo, 236 F.3d 233, 238-39 (5th Cir. 2000), cert. denied, 533 U.S. 953 (2001).

Under the circumstances of this case, the likelihood that a jury would have accepted Becerra's defense, *i.e.* that he didn't know he had arrived in the United States, is negligible.

As a citizen of Juarez, Becerra could be presumed familiar with the bridges running between that city and El Paso. He crossed the border into the U.S. on a bridge then open only to

pedestrians and traffic destined for Mexico. He was apprehended near a "penny booth" at least 100 yards north of the American and Mexican flags and the bright pavement line in the center of the bridge that mark the actual boundary. At one point in his testimony, he admitted he knew the American flag was situated on the American side of the border.

Undermining the credibility of his alibi, Becerra had been twice convicted in the recent past of illegal reentry and deported yet another time. The jury was also informed of his prior conviction for burglary of a vehicle and his use of two different names in the past.

It is true that Becerra testified that he was innocently waiting on the bridge, not knowing that he had crossed the border, while awaiting his "wife's" return from shopping in El Paso. The account of the arresting officer differed significantly from Becerra's testimony, as he said that Becerra had already reached a street in El Paso before turning and attempting to flee back across the bridge after being spotted by the officials. These differences might have commanded reversal under a harmless error standard of review. Where no objection has been made at trial, however, and where the credibility of Becerra, magnified by his criminal history and prior immigration violations, is highly suspect, we think it most unlikely that the jury did not find that he knowingly entered the United States illegally. The demanding standard for reversal on plain error has not been met.

3

The judgment and sentence are **AFFIRMED**.