IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51085
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FEDERICO MALDONADO-ALEMAN, also known as Federico
Maldonado-Alleman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-95-CR-52-1
--------------------
October 9, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Federico Maldonado-Aleman appeals the revocation of his supervised release imposed for a prior violation of 8 U.S.C. § 1326 for illegal entry into the United States. Maldonado concedes that he violated the terms of his supervised release by reentering the country illegally. He argues for the first time on appeal that either his prior illegal-reentry conviction or his prior removal was invalid because he was unable to seek discretionary relief from

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Attorney General under Immigration & Naturalization Act § 212(c). INS v. St. Cyr, 533 U.S. 289, 326 (2001).

Because Maldonado makes this argument for the first time on appeal, we review the district court's determination for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Maldonado has not shown any error, plain or otherwise, with the district court's revocation of his supervised release. See United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000); United States v. Vasquez, 216 F.3d 456, 459 (5th Cir.), cert. denied, 531 U.S. 972 (2000).

The district court's revocation of petitioner's supervised release is AFFIRMED.