IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51003
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RIVERA-GUZMAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CR-101-4-F
---------------------
January 28, 2003

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Miguel Rivera-Guzman appeals his conviction and sentence for aiding and abetting the possession of marijuana with the intent to distribute. He argues that the evidence was insufficient to support his conviction; that the district court plainly erred in instructing the jury; and that the district court clearly erred in refusing to apply a minimal role adjustment in his offense level pursuant to U.S.S.G. § 3B1.2.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that the jury was free to find from the testimony of Sergeants Wood and Cordero that Rivera engaged in affirmative conduct designed to aid the venture by directing them to the location of the drug transaction, thus aiding and abetting possession with the intent to distribute. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000); United States v. Garcia, 242 F.3d 593, 596 (5th Cir. 2001). Rivera's allegation that he was coincidentally on the road directing traffic is discredited by the testimony that the road was isolated, was devoid of other activity, and was accessed only after passing through a closed gate. The jury's finding that Rivera aided and abetted the possession of the marijuana was therefore a reasonable construction of the evidence.

We further hold that Rivera has not established that the jury instructions constituted plain error; although the instructions mislabeled the count charged as "Count One," the substance of the count remained unchanged, and, therefore, Rivera's substantial rights were unaffected. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). We additionally hold that district court's refusal to award a U.S.S.G. § 3B1.2 adjustment for Rivera's self-described minimal role in the offense was not clear error. See United States v. Virgen-Moreno, 265 F.3d 276, 296 (5th Cir. 2001), cert. denied, 122 S. Ct. 1452 (2002).

AFFIRMED.