**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51112
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAUL LUCIO-DIAZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-909-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Saul Lucio-Diaz appeals the sentence imposed following his guilty plea to illegal reentry. He argues that the district court erred by increasing his base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Lucio did not raise this objection in the district court, and, therefore, our review is for plain error only. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2L1.1(b)(1)(A) provides that "[i]f the defendant previously was deported, . . . after a conviction for a felony that is [] a drug trafficking offense for which the sentence imposed exceeded 13 months," the base offense level is to be increased by 16 levels. U.S.S.G. § 2L1.1(b)(1)(A) (2001). According to the presentence report, Lucio was convicted of trafficking by possession with intent to distribute cocaine and was sentenced to nine years' imprisonment. Lucio offered no evidence rebutting the reported length of this sentence; therefore, the presentence report bore sufficient indicia of reliability such that it was not plainly erroneous for the district court to apply the 16-level enhancement. See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

AFFIRMED.