United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30434
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE KENNEDY, also known as Tater,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-302-4-B
---------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dwayne Kennedy appeals his guilty-plea conviction for one count of conspiracy to possess and distribute cocaine and marijuana and one count of possession of a firearm in connection with a drug offense.  Kennedy argues that the district court's erroneous advice concerning the maximum sentence on his firearm possession offense invalidated his guilty plea.

Because Kennedy failed to object to the district court's Rule 11 colloquy, the issue is reviewed for plain error.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Vonn, 535 U.S. 55, 58-59 (2002). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

The district court misadvised Kennedy that the maximum penalty on the firearm possession count was five years' imprisonment. The stated term was in fact the mandatory minimum term of imprisonment. See 18 U.S.C. § 924(c)(1)(A)(i). Although the district court erred, Kennedy fails to establish that the error affected his substantial rights. See Vasquez, 216 F.3d at 459. At rearraignment, Kennedy confirmed that his maximum sentencing exposure was life imprisonment on the conspiracy count and that any sentence imposed on the firearm possession count would run consecutively to any other sentence imposed. The district court imposed only a 120-month sentence on the conspiracy count and a 60-month sentence on the firearm possession count. See United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000). Kennedy has not established that the district court's error materially affected his guilty plea. See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002). Accordingly, the judgment of the district court is AFFIRMED.