United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50042
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE OPEL POWELL, also known as Bobo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-98-2
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Terrance Opel Powell appeals the sentence imposed following

his guilty plea to conspiracy to possess with intent to

distribute crack cocaine and aiding and abetting.  He argues that

his offense level was erroneously enhanced pursuant to U.S.S.G.

§ 3C1.1 for obstruction of justice because the district court's

perjury finding failed to identify the material matter on which

he purportedly perjured himself.  As this was not the basis for

Powell's objection to the enhancement in the district court, our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is for plain error only.  See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

If the defendant objects to a sentence adjustment for perjury, the district court must make independent findings that the defendant committed perjury.  See United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995).  "The finding is sufficient . . . if the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury."  United States v. Storm, 36 F.3d 1289, 1297 (5th Cir. 1994).  The district court identified the material issue as Powell's testimony absolving his co-defendant April Green of any responsibility for the charged conduct.  Powell's trial testimony that Green played no role in the charged conspiracy was "material" because if believed by the jury, it would have influenced the issue under determination, i.e., Green's guilt.  See id.

To the extent that Powell sought to raise the issue whether the record supported a determination that he willfully intended to provide false testimony, that issue is inadequately briefed by counsel and therefore waived.  See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.