John Riley Friesell, Bellaire, TX, for Defendant–Appellant.

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM: *

We affirm for the reasons set forth in the trial court opinion. *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Co.,* 288 F.Supp.2d 783 (N.D.Tex.2003).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Jose CASTRO, also known as Ray Sanchez, Defendant–Appellant.**

No. 03–20940.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 13, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Jose Castro appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute more than five kilograms of cocaine. Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Castro argues that his guilty plea, which included a waiver-of-appeal provision, was involuntary because the district court did not inform him of the drug quantity on which he would be sentenced.

Castro was rearraigned before *Blakely* was decided. Further, this court has determined that *Blakely* does not apply to the Guidelines. *See United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *pet. for cert. filed* (U.S. July 14, 2004)(No. 04–5263). Moreover, because Castro was not sentenced above the statutory maximum, his reliance on *Apprendi* is misplaced. *See United States v. Doggett,* 230 F.3d 160, 166 (5th Cir.2000). Thus, the district court was under no duty under Rule 11 to advise Castro that he had a right to a jury trial on the amount of intended loss or his role in the offense inasmuch as those were factors that in-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

creased his sentence under the Guidelines. *See Pineiro*, 377 F.3d at 465–66. As such, Castro fails to show that the district court's acceptance of his guilty plea was error. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir.2000). Nor does Castro show that his substantial rights were affected inasmuch as the same base offense level applies to 6.05 kilograms of cocaine as to 5 kilograms. *See Olano*, 507 U.S. at 732–35, 113 S.Ct. 1770; *Vasquez*, 216 F.3d at 459; U.S.S.G. § 2D1.1(c)(4).

Castro has shown no defect in his indictment on the basis that it did not charge the drug quantity on which his sentence was based as an element of his offense. *See Pineiro*, 377 F.3d at 465–66.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.