United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20940
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE CASTRO, also known as Ray Sanchez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-575-2
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Jose Castro appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute more than five kilograms of cocaine. Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004), Castro argues that his guilty plea, which included a waiver-of-appeal provision, was involuntary because the district court did not inform him of the drug quantity on which he would be sentenced.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castro was rearraigned before <u>Blakely</u> was decided.  Further, this court has determined that <u>Blakely</u> does not apply to the Guidelines.  See <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>pet. for cert. filed</u> (U.S. July 14, 2004)(No. 04-5263).  Moreover, because Castro was not sentenced above the statutory maximum, his reliance on <u>Apprendi</u> is misplaced.  See <u>United States v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000).  Thus, the district court was under no duty under Rule 11 to advise Castro that he had a right to a jury trial on the amount of intended loss or his role in the offense inasmuch as those were factors that increased his sentence under the Guidelines.  See <u>Pineiro</u>, 377 F.3d at 465-66.  As such, Castro fails to show that the district court's acceptance of his guilty plea was error.  See <u>United States v. Vonn</u>, 535 U.S. 55, 59 (2002); <u>United States v. Olano</u>, 507 U.S. 725, 732-35 (1997); <u>United States v. Vasquez</u>, 216 F.3d 456, 459 (5th Cir. 2000).  Nor does Castro show that his substantial rights were affected inasmuch as the same base offense level applies to 6.05 kilograms of cocaine as to 5 kilograms.  See <u>Olano</u>, 507 U.S. at 732-35; <u>Vasquez</u>, 216 F.3d at 459; U.S.S.G. § 2D1.1(c)(4).

Castro has shown no defect in his indictment on the basis that it did not charge the drug quantity on which his sentence was based as an element of his offense.  See <u>Pineiro</u>, 377 F.3d at 465-66.

AFFIRMED.