United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-10512
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MARVIN CLARENCE PRESLEY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-99-2-K
--------------------

Before KING, Chief Judge, and JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marvin Clarence Presley appeals the sentence imposed
following the revocation of his supervised release. He argues
for the first time on appeal pursuant to Blakely v. Washington,
124 S. Ct. 2531 (2004), and United States v. Williams, 343 F.3d
423 (5th Cir.), cert. denied, 124 S. Ct. 966 (2003), that his
sentence should not have exceeded one year of imprisonment
because his underlying conspiracy conviction was only a Class E
felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Neither <u>Blakely</u> nor <u>Williams</u>, however, plainly supports the determination urged by Presley either that 18 U.S.C. § 3553(b)(1) creates an additional aggravated offense for every offense in the United States Code or that the statutory maximum for purposes of felony classification under 18 U.S.C. § 3559 is the top end of an offender's guideline range, as opposed to the maximum term of imprisonment authorized by the statute. Consequently, Presley has not demonstrated plain error on the part of the district court. <u>See</u> <u>United States v. Vasquez</u>, 216 F.3d 456, 459 (5th Cir. 2000).

AFFIRMED.