United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-30226
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SHEMIKA NICOLE SCROGGINS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50037-1
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Shemika Nicole Scroggins appeals the sentence imposed
following her guilty-plea conviction for conspiracy to defraud
various insurance companies through the use of the United States
mails in violation of 18 U.S.C. § 371.  For the first time on
appeal, she argues that the district court erred in enhancing her
sentence based on her relevant conduct that was neither admitted
by her nor found by a jury in violation of the Sixth Amendment
under Blakely v. Washington, 124 S. Ct. 1531 (2004).

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Scroggins did not raise this issue in the district court, this court reviews the argument for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Thus, Scroggins must show: (1) an error; (2) that is clear or plain; (3) that affected her substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of her judicial proceedings. United States v. Olano, 507 U.S. 725, 732-35 (1993); United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Scroggins argues generally that she did not admit the relevant conduct on which the district court based her sentence and, therefore, the district court improperly sentenced her under Blakely. Scroggins makes no showing, as required by Mares, that the district court would likely have sentenced her differently under the Booker advisory scheme. Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion. Thus, Scroggins has not met her burden to show that the district court's increase of her sentence based on its findings concerning her relevant conduct was plain error. See Mares, 402 F.3d at 520-21. Accordingly, Scroggins's sentence is AFFIRMED.