United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31145
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD GROSS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-45-ALL
--------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Harold Gross appeals his jury-conviction for being a felon
in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
He argues that in answering a question from the jury, the
district court erred in instructing the jury concerning the
Government's burden of proof to show beyond a reasonable doubt
that Gross actually or constructively possessed the firearm.
Gross identified one statement by the district court which he
concedes was "technically correct" but argues that it was
"horribly misleading."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gross did not raise this issue in the district court, review is limited to plain error. See United States v. Harris, 104 F.3d 1465, 1471-72 (5th Cir. 1997). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). Error in a jury instruction is plain "only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice." United States v. McClatchy, 249 F.3d 348, 357 (5th Cir. 2001)(internal quotation marks and citation omitted).

The district court gave standard jury instructions concerning the Government's burden of proof and the definitions of actual and constructive possession, as well as sole and joint possession. As Gross concedes, the district court's jury instructions as a whole were correct statements of the law. Gross has not shown that the district court's single statement, even if misleading, constituted plain error as he has not shown that "there is a likelihood of a grave miscarriage of justice." See McClatchy, 249 F.3d at 357 (internal quotation marks and citation omitted).

AFFIRMED.