United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41614
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK CUEVAS-MENDEZ, true name Erick Elesvan Cuevas-Mendez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-108-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Erick Cuevas-Mendez (Cuevas) appeals his conviction and sentence following his guilty plea to possession with intent to distribute more than five kilograms of cocaine. Cuevas argues that his guilty plea was rendered invalid because the district court failed to advise him properly of the term of supervised release that he faced. The district court complied with FED. R. CRIM. P. 11(b)(1)(H).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Given that the district court imposed a sentence at the bottom of the Guidelines and that Cuevas has not identified any circumstances that would warrant a downward departure, Cuevas cannot show that the court's failure to advise him fully concerning the court's ability to depart from the Sentencing Guidelines affected his substantial rights. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Cuevas fails to identify any Rule 11 error relative to the district court's purported failure to explain the possibility of obtaining a reduction in his sentence for providing substantial assistance to the Government pursuant to U.S.S.G. § 5K1.1. See FED. R. CRIM. P. 11. Cuevas's suggestion that the trial court erred by failing to allow him to withdraw his plea is frivolous given that Cuevas never sought to withdraw his plea in the district court.

Last, Cuevas has established obvious error because he was sentenced under a mandatory Guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Cuevas fails, however, to meet his burden of showing that the district court's comments that it hated the sentence that Cuevas, a first-time offender, faced and that it was "so long" mean that the district court would have imposed a lesser sentence under advisory Guidelines. See United States v. Bringier, 405 F.3d 310, 318 & n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535); United States v. Mares, 402 F.3d 511,

521 (5th Cir. 2005)), petition for cert. filed (Mar. 31, 2005)

(No. 04-9517).

AFFIRMED.