IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-50976
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

BENJAMIN RUBALCABA-VAZQUEZ

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-523-ALL

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Benjamin Rubalcaba-Vazquez was convicted of one count of attempted illegal reentry into the United States and sentenced to serve 76 months in prison. Rubalcaba-Vazquez appeals his sentence. He argues that the district court erred by including three of his prior convictions in his criminal history score. He contends that these convictions should not have been scored because he was not represented by counsel in connection with these convictions. He thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the district court used the wrong guidelines sentencing range when sentencing him and that his range should have been significantly lower.

When reviewing a sentence, we typically consider whether the district court committed procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007); see also United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's interpretation and application of the Guidelines are reviewed de novo, and its findings of fact are reviewed for clear error. See Cisneros-Guiterrez, 517 F.3d at 764.

Rubalcaba-Vazquez's sentencing claim, however, is reviewed for plain error only because it was not presented to the district court. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007). Under the plain error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Rubalcaba-Vazquez's claim is unavailing. The record does confirm Rubalcaba-Vazquez's assertion that the disputed convictions were uncounseled. However, the record does not show whether these convictions were uncounseled because Rubalcaba-Vazquez validly waived his right to counsel or because he was uninformed of his right to counsel. Consequently, Rubalcaba-Vazquez has not carried his burden of showing that the disputed convictions were constitutionally infirm, nor has he shown plain error in connection with his sentence. See United States v. Osborne, 68 F.3d 94, 100-01 (5th Cir. 1995). The judgment of the district court is AFFIRMED.