United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 08-10127
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARBARA ANN DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CR-90-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Barbara Davis appeals the fourteen-month sentence she received following
her guilty-plea conviction for violations of 20 U.S.C. § 1097(a) and 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1029(a)(2). For the first time on appeal, she challenges the enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i) for the unauthorized use of her niece's identifying information to produce or obtain other means of identification, to-wit: a debit card containing $10,000 of financial aid, which she used for her own personal expenses. The enhancement is reviewed for plain error only. United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Davis contends that the subsection does not apply to her, because the use of her niece's identification was not unauthorized within the meaning of the guideline, for the reason that the niece consented to her assisting in applying for financial aid and, in so doing, either explicitly or implicitly gave her authorization to obtain a debit card for that purpose. Davis alternatively argues that, even if the niece did not authorize her to create the debit card, the enhancement is inappropriate, because the niece authorized her to use the identifying information for some purpose (to obtain financial aid); Davis reasons that the enhancement applies only where the defendant has no right to use the identifying information at all.

The record demonstrates that the victim did not consent, explicitly or implicitly, to the acquisition of the debit card and did not otherwise give Davis blanket authorization to use identifying information beyond completing her Free Application for Financial Student Aid. Rather, the victim told agents she was never advised that she had been approved for financial aid, never completed or authorized the completion of the required Promissory Note and Verification Form, and specifically did not authorize Davis to obtain a debit card on her behalf. Because Davis unauthorizedly used the victim's identifying information to obtain the card, the enhancement applies on its face. See § 2B1.1(b)(10)(C)(i) and comment. (n.9(C)(i), (ii)(I), (II)).

Davis provides no support for the argument that the enhancement can never apply if the victim consents to some authorized use of identifying information. The argument is controverted by the plain text of the subsection, which re-

quires "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain other means of identification." See § 2B1.1(b)(10)(C)(i). There is no requirement that the victim's information be obtained unlawfully, as Davis suggests. See id.

Davis has not demonstrated any plain error, see United States v. Olano, 507 U.S. 725, 734 (1993), so the judgment is AFFIRMED.