# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2021

Lyle W. Cayce
Clerk

No. 20-50516
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGUIN RAMON ROJAS-TORRES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-3887-1

Before JOLLY, GRAVES, AND COSTA, *Circuit Judges*.

PER CURIAM:*

Edguin Ramon Rojas-Torres appeals the sentence imposed following his guilty plea to illegal reentry following removal in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the district court erred in not allowing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50516

his defense counsel an opportunity to speak on his behalf at sentencing in violation of Federal Rule of Criminal Procedure 32(i)(4)(A)(i).

Because defense counsel failed to object to the alleged Rule 32 error, our review is for plain error. *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000). To establish plain error, Rojas-Torres must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those requirements are met, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Because the sentencing transcript indicates that counsel was afforded an opportunity to speak as required by Rule 32, it does not reflect any error, much less clear or obvious error. *See* Fed. R. Crim. P. 32(i)(4)(A)(i); *Puckett*, 556 U.S. at 135; *Vasquez*, 216 F.3d at 458-59. The district court's judgment is therefore AFFIRMED.