United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40142
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID TIBURCIO-AVILA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-736-1
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

David Tiburcio-Avila appeals the sentence imposed following

his guilty-plea conviction for being found illegally in the

United States after deportation.  Tiburcio-Avila was sentenced

to 57 months in prison and three years of supervised release.

Tiburcio-Avila contends that the district court abused its

discretion by imposing as a condition of supervised release that

he cooperate in the collection of a DNA sample.  Because this

issue is not ripe for review, this court does not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction, and the appeal must be dismissed in part. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). Tiburcio-Avila correctly concedes that the ripeness issue is foreclosed by circuit precedent but raises his argument to preserve it for further review.

Tiburcio-Avila argues that the district court plainly erred in imposing his sentence under the then mandatory United States Sentencing Guidelines, which were subsequently held unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Because he did not raise this issue in the district court, review is limited to plain error. See United States v. Harris, 104 F.3d 1465, 1471-72 (5th Cir. 1997). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). The imposition of Tiburcio-Avila's sentence under the mandatory Guidelines was error that was plain. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). However, Tiburcio-Avila has not shown that the error affected his substantial rights as he has not shown that the district court would likely have imposed a lesser sentence under an advisory guidelines sentencing scheme. See id.

at 600-01.  Therefore, he has not shown that the district court's imposition of his sentence under the mandatory Guidelines was reversible plain error.  See id.

Tiburcio-Avila argues that his conviction should be vacated because the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  His constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Tiburcio-Avila contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Tiburcio-Avila properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.