**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2011

No. 09-40728
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL MARTINEZ-MENDOZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:09-CR-187-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Saul Martinez-Mendoza appeals the sentence that followed his guilty plea conviction of illegal reentry, arguing that the sentence is procedurally unreasonable because the district court failed to give his lawyer an opportunity to allocute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as required by Rule 32 of the Federal Rules of Criminal Procedure. Although counsel stated that he wished to make a statement, he did not later object or call the court's attention to its failure to allow him to speak. Therefore, review is limited to plain error. *See United States v. Vasquez*, 216 F.3d 456, 458 (5th Cir. 2000). To demonstrate plain error, Martinez-Mendoza must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court allowed counsel an opportunity to speak at the beginning of the sentencing hearing, and counsel stated that Martinez-Mendoza wished to make a statement first. Martinez-Mendoza has not shown that the failure to ask counsel again if he wished to make a statement is clear and obvious error. Further, Martinez-Mendoza has not established that any error affected his substantive rights, because he has not identified any specific arguments his attorney would have made that might have persuaded the court to impose a lower sentence. *See Vasquez*, 216 F.3d at 458.

Martinez-Mendoza argues that the sentence was procedurally unreasonable because the court failed to consider a departure under U.S.S.G. § 4A1.3 before imposing an upward variance. Because Martinez-Mendoza did not raise this issue in the district court, review is limited to plain error. *See Puckett*, 129 S. Ct. at 1429. Martinez-Mendoza concedes that the argument is foreclosed by *United States v. Mejia-Huerta*, 480 F.3d 721, 723 (5th Cir. 2007). Contrary to his argument, neither the Supreme Court nor this court has held that sentencing courts are required to consider departures under § 4A1.3 before imposing a variance. *See Gall v. United States*, 552 U.S. at 49-51 (2007); *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 255-56 (5th Cir. 2009); *United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006).

Martinez-Mendoza asserts that the sentence was procedurally unreason-

able because the district court did not adequately explain the extent of the variance.  Because he did not raise this issue in the district court, review is limited to plain error.  *See Puckett*, 129 S. Ct. at 1429.  The court gave a lengthy explanation of the reasons for the upward variance, including Martinez-Mendoza's extensive criminal history over a twenty-five-year period, his likelihood of recidivism, and the 18 U.S.C. § 3553(a) factors concerning the need to promote respect for the law and deter future criminal conduct.  Therefore, Martinez-Mendoza has not shown plain error with respect to the adequacy of the reasons for the upward variance.  *See United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006).

Martinez-Mendoza contends that the sentence was substantively unreasonable because the district court gave too much weight to his criminal history and too little to his family circumstances and cultural assimilation.  The court implicitly considered the information in the presentence report concerning Martinez-Mendoza's family circumstances and cultural assimilation, as well as his statement at sentencing.  Although cultural assimilation may be a mitigating factor, the court was not required to accord it dispositive weight.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Martinez-Mendoza has not shown that the court improperly considered or gave too much weight to his criminal history.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

Further, this court has affirmed similar variances.  *See id.*; *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 & n.40 (5th Cir. 2005).  The sentence was reasonable under the totality of the relevant statutory factors.  *See Brantley*, 537 F.3d at 349.  Martinez-Mendoza's disagreement with the balancing of the § 3553(a) factors is insufficient to show that the sentence was substantively unreasonable.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.